JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GRE PROPERTY INVESTMENTS, LLC

### DEFENDANTS

ISANTHES, LLC

**(b)** County of Residence of First Listed Plaintiff   Los Angeles County (CA)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   King County (WA)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Breach of contract pertaining to sale of mortgage loan

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  2/4/20

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 08/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRCIT COURT FOR THE
DISTRICT OF RHODE ISLAND**

GRE PROPERTY INVESTMENTS, LLC )
            Plaintiff. )
    vs. )                    C.A. NO.: 1:20-CU-00054
                         )
ISANTHES, LLC )
            Defendant. )

## COMPLAINT

The PLAINTIFF, GRE PROPERTY INVESTMENTS, LLC ("GRE"), herein alleges as follows:

### PARTIES

1. The Plaintiff GRE is a limited liability company organized under the laws of the State of California with an address of 17412 Ventura Boulevard #455, Encino, California, 91316.
2. The Defendant Isanthes, LLC ("ISANTHES") is a limited liability company organized under the laws of the State of Delaware with an address of 2003 Western Avenue, Suite 340, Seattle, WA, 98121.

### JURISDICTION & VENUE

3. This Court has jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 insofar as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.
4. This Court may exercise personal jurisdiction over ISANTHES because ISANTHES has sufficient minimum contacts with the State of Rhode Island to warrant such an assertion of personal jurisdiction.
5. Venue lies in this District under 28 U.S.C. § 1391 where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

### FACTS

6. On or about May 29, 2019 ISANTHES and GRE executed and entered into a 'MORTGAGE LOAN SALE AGREEMENT' (the "Agreement") under which ISANTHES agreed to sell and GRE agreed to purchase certain 'Mortgage Loans' then and now encumbering a property located at 12 Florence Street, Providence, Rhode Island (the "Mortgage Loan").
7. Pursuant to that Agreement under SECTION 3, the purchase price for the Mortgage Loan was $107,000.
8. Under the Agreement, certain 'Representations and Warranties' were made by ISANTHES as Seller.
9. Among the Warranties made by ISANTHES included the Warranty that ISANTHES then had 'the full power and authority to hold each Mortgage Loan, to sell each Mortgage Loan, and to execute, deliver and perform, and to enter into and consummate all transactions contemplated by this Agreement.'

10. ISANTHES further warranted that it then had 'good title to' and was the 'sole owner and holder of the related Mortgage Loans' and further that the 'transfer, assignment and delivery of the related Mortgage Loans in accordance with terms and conditions of this Agreement shall vest in [GRE] all rights as owner of such Mortgage Loans free and clear of any and all claims, charges, defenses, offsets and encumbrances of any kind or nature whatsoever.'

11. The Agreement also provided under Subsection 6.2 for 'Remedies for Breach of Representations and Warranties.'

12. That Subsection provided that where either ISANTHES or GRE discovered a breach of a warranty within 120 days of the Conveyance date of May 29, 2019, the discovering party should give prompt written notice to the other party 'along with evidence supporting the breach claim.'

13. Such Notice of a breach of warranty 'which materially and adversely affects the value of a Mortgage Loan or the Mortgage Loans' would then trigger a 60 day period in which the Seller (ISANTHES) 'shall' use commercially reasonable efforts to cure such breach in all material respects.

14. The Agreement additionally provides that if the breach could not be cured, the Seller, shall 'at the Purchaser's option, repurchase such Mortgage Loan at the Repurchase Price within forty-five (45) Business Days' following the expiration of the 60 day cure period.

15. The Repurchase Price is set/calculated pursuant to 'Section 1' 'Definitions' of the Agreement.

16. Under Section 7.2 'Indemnification' of the Agreement, each party to the Agreement agreed 'to pay, or reimburse the other, and to protect, defend, indemnify, save and hold harmless the other, and its agents, assigns, employees, officers, directors and advisors and contractors from and against any losses, liabilities, claims, causes of action, damages, demands, taxes, fees, costs and expenses of whatever kind, arising out of or incurred in connection with breach of any material term, representation, warranty, or covenant of this Agreement, or failure to comply with applicable laws, or perform obligations under this Agreement.'

17. After purchase of the Mortgage Loan, GRE discovered that prior to the Assignment of Mortgage ("AOM") and line of title from which ISANTHES derived title, another AOM (the "Prior AOM") had been recorded transferring the subject mortgage to an entity different from ISANTHES.

18. This defect rendered and continues to render the AOM to ISANTHES and from which ISANTHES derived title void as a matter of Rhode Island law under such cases as Note Capital Grp., Inc. v. Perretta, 207 A.3d 998 (R.I. 2019); Clark v. Mortg. Elec. Registration Sys., 7 F. Supp. 3d 169, 176 (D. R.I. 2014) and Mruk v. Mortgage Elec. Registration Sys., 82 A.3d 527, 536 (R.I. 2013).

19. Consequently, ISANTHES lacked the full power and authority to hold and sell the Mortgage Loan, lacked good title to the Mortgage Loan, was not the sole owner and holder of the Mortgage Loan and the transfer, assignment and delivery of the Mortgage Loan in accordance with terms and conditions of the Agreement did not vest in GRE all rights as owner of the Mortgage Loan free and clear of any and all claims, charges, defenses, offsets and encumbrances of any kind or nature whatsoever.

20. Such failures to comply with the Agreement were, by the terms of the Agreement, a breach of the warranties contained therein.

21. On or about August 31, 2019, a representative of GRE brought the issues with the AOMs to the attention of a representative of ISANTHES via email and outlined requested steps to remedy issues with the chain of title.

22. After additional correspondence between GRE and ISANTHES, a representative of ISANTHES indicated that ISANTHES would record a 'Rescission of Erroneous Assignment of Mortgage' to address the Prior AOM.

23. GRE requested to review such document prior to recording and upon receipt indicated to ISANTHES that the 'Rescission' was not legally binding, effective or enforceable and that it would remedy the AOM/title issues.

24. On September 11, 2019, GRE sent a letter to ISANTHES again notifying ISANTHES of the issues with the AOMs and chain of title and specifically citing the warranties set forth by the Agreement.

25. On September 13, 2019, ISANTHES unilaterally recorded the Rescission document, attached herein as **Exhibit A**, in the City of Providence Land Records.

26. That Rescission, unsigned by any party to the original/Prior AOM, is legally moot and otherwise ineffective and cannot and did not as a matter of law correct or remedy the AOM/title issues.

27. In subsequent correspondence, GRE notified ISANTHES that the Rescission was ineffective and requested specific steps to be taken to remedy and correct the chain of title, notified ISANTHES that the titling issues precluded it from servicing the loan and/or contacting the borrower and requested that ISANTHES repurchase the loan.

28. Via email October 9, 2019, ISANTHES refused to repurchase the loan.

29. On or about October 31, 2019, GRE, through counsel, provided to ISANTHES detailed explanation with citation to pertinent case law and statute as to the issues with the chain of title and why the Rescission was ineffective. That correspondence and subsequent emails again demanded that ISANTHES repurchase the loan.

30. On or about November 18, 2019, a representative of ISANTHES provided to GRE via email a series of executed but un-recorded AOMs in an attempt to cure the various title defects that constituted a breach of the warranties of the Agreement.

31. This occurred more than 60 days after GRE initially notified ISANTHES of the breach of warranties on August 31, 2019 and more than 60 days after GRE sent additional correspondence to ISANTHES on September 11, 2019.

32. By transmitting the new AOMs, ISANTHES acknowledged and admitted that its prior 'Rescission' document was ineffective and legally immaterial.

33. In response, GRE, through counsel, again demanded repurchase of the loan.

34. To date of filing, ISANTHES has not agreed to repurchase the Mortgage Loan.

35. It has been more than 45 days since the expiration of the initial 60 day cure period contemplated by the Agreement.

36. GRE has, at all times, complied with and honored all material and/or relevant provisions of the Agreement and provided all required Notice required or contemplated by the same.

## COUNT I – BREACH OF CONTRACT

37. GRE restates the preceding paragraphs as if fully set forth herein.

38. The Agreement between ISANTHES and GRE was and is a valid and binding contract for the sale of the Mortgage Loan.

39. ISANTHES has breached and continues to breach the Agreement through its conduct including – but not limited to – breaching warranties, failing to cure such breaches within the time periods set forth by the Agreement and now failing to repurchase the Mortgage Loan.

40. ISANTHES' breach of the Agreement has caused GRE to suffer damages and incur costs and attorneys fees.

## COUNT II – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

41. GRE  restates the preceding paragraphs as if fully set forth herein.

4840-3147-6865.1

42. The Agreement between ISANTHES and GRE was and is a valid and binding contract for the sale of the Mortgage Loan.
43. ISANTHES has breached and continues to breach the Agreement through its conduct including – but not limited to – breaching warranties, failing to cure such breaches within the time periods set forth by the Agreement and now failing to repurchase the Mortgage Loan.
44. By failing to perform its obligations under the Agreement in good faith and with sufficient care, skill, diligence and competence, ISANTHES deprived GRE of the benefit of the parties' bargain under the Agreement and breached the implied covenant of good faith and fair dealing.
45. ISANTHES' breach of the implied covenant of good faith and fair dealing has caused GRE to suffer damages and incur costs and attorneys fees.

**WHEREFORE**, the Plaintiff GRE PROPERTY INVESTMENTS, LLC respectfully requests that this Honorable Court enter judgment in its favor against the Defendant, ISANTHES, LLC for:

a. Money Damages;
b. Specific performance Ordering that ISANTHES, LLC repurchase the Mortgage Loan as set forth in the Agreement;
c. All fees and costs – including Attorneys Fees – incurred by the Plaintiff to which the Plaintiff is entitled by the Agreement and Statute;
d. Costs of suit;
e. Attorneys Fees;
f. Such other and further relief as this Court may deem just and proper.

**PLAINTIFF**
By its Attorneys,

/s/ Samuel Kennedy-Smith, Esq.
Lauren Motola-Davis, Esq. (#3396)
Samuel Kennedy-Smith, Esq. (#8867)
Amie Marcou, Esq. (#9706)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
One Citizen Plaza, Suite 1120
Providence, RI 02903
Tel:  (401) 406-3310
Fax:  (401) 406-3312

4813-0977-0675.1