UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GRE PROPERTY INVESTMENTS, )
LLC, )
    Plaintiff, )
)
v. ) C.A. No. 20-0054-JJM-PAS
)
ISANTHES, LLC, )
    Defendant. )

ORDER

    Plaintiff GRE Property Investments, LLC ("GRE") brought this action against Defendant Isanthes, LLC ("Isanthes"), alleging various contractual and misrepresentation claims. ECF No. 31. GRE then moved to voluntarily dismiss their action, with prejudice, under Fed. R. Civ. P. 41(a)(2). ECF No. 59. This Court granted GRE's motion but declined to rule on Isanthes' claim for attorney's fees because there was no counterclaim for them. ECF No. 65. Isanthes now moves to recover its reasonable attorney's fees. ECF No. 66. For the reasons stated below, the Court GRANTS Isanthes's Motion for Attorney's Fees.

I.   BACKGROUND

    The Court summarizes the facts relevant to Isanthes's motion.

    The substance of this action involved the sale of a mortgage on 12 Florence Street in Providence ("the Property"). Isanthes, through its manager, Oak Harbor Capital (OHC), sold the mortgage to GRE for $107,000. Both parties signed a Mortgage Loan Sale Agreement.

As part of the sale, GRE promised that it had performed an independent investigation into the validity of and the collateral for the Mortgage Loan. GRE also promised to send written notice to Isanthes of any material breaches that would affect the Mortgage Loan's value. After which, Isanthes would cure any breaches within 60 days. These promises came into play when GRE sent a formal request to Isanthes to cure a defect in the chain of Assignment of Mortgages ("AOM"). Isanthes cured this defect and sent GRE a corrected AOM 68 days later.

Isanthes' eight-day delay in curing the AOM, as well as GRE's allegation that Isanthes and OHC knew the mortgage title was defective when it sold the mortgage, forms the basis of GRE's claims. The core of GRE's action rested on the contention that Isanthes knowingly conveyed an unenforceable mortgage.

But after over a year of asserting that contention in this court, GRE told Providence Housing Court the opposite – that it *did* have an enforceable mortgage on the Property. Once GRE sold the Property, it enforced its rights under the mortgage and received $185,000 from the sale of the Property. After GRE netted a profit of $78,000, it moved to voluntarily dismiss this action, which this Court allowed with prejudice. But in the meantime, Isanthes has spent over $50,000 in attorney's fees defending this matter and argues that it is inequitable for it to bear those costs in light of the outcome of the case.

## II. ANALYSIS

In an action for breach of contract,[1] "[t]he court may award a reasonable attorney's fee to a prevailing party...in which the court...[f]inds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." R.I. Gen. Laws § 9-1-45(1); *Women's Dev. Corp. v. City of Central Falls*, 764 A.2d 151, 162 (R.I. 2001) ("[T]he award of attorney's fees rests within the sound discretion of the trial justice."). Therefore, the Court must decide first whether Isanthes is a "prevailing party" based on GRE's voluntary dismissal with prejudice and, if so, whether GRE's claims represent a complete absence of a justiciable issue. After deciding these initial issues, the Court must consider what fee award is reasonable.

## III. DISCUSSION

### A. Isanthes is the Prevailing Party

Rhode Island courts have not yet given an exact definition of "prevailing party" within the context of § 9-1-45. The Rhode Island Supreme Court has, however, defined the term within the context of the State's mechanic's lien statute. *Keystone Elevator Co., Inc. v. Johnson & Wales Univ.*, 850 A.2d 912, 918 (R.I. 2004) (where the Rhode Island Supreme Court considered the traditional fee-shifting standard used by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court in *Keystone* left the determination of who was a prevailing party within the trial judge's discretion because mechanic's lien actions are essentially, "*a*

---

[1] Because the Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332, Rhode Island substantive law applies in this case.

*private…dispute…over money*" and do not implicate the vindication of constitutional rights that is inherent in civil rights actions. *Id.* (emphasis added). In the Rhode Island Supreme Court acknowledged that "a trial justice is in the best position to assess the merit of each party's claims or defenses, and to determine which party fairly may be said to have prevailed on the significant issues." *Id.* at 919.

In light of the *Keystone* court's deference to the trial judge, this Court looks to the standards that other courts in this Circuit have applied to make a prevailing party determination. "A party prevails by obtaining an enforceable judgment…that directly benefits that party at the time of judgment . . . ." *Paolino v. JF Realty, LLC*, C.A. No. 12-039-ML, 2015 WL 1401580, at *4 (D.R.I. Mar. 26, 2015) (citing *Sierra Club v. City of Little Rock,* 351 F.3d 840, 845 (8th Cir. 2003)). However, that judgment must (1) result in a "material alteration of the parties' legal relationship," and (2) be judicially sanctioned. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001).

In the past, former Chief Judge Mary M. Lisi has held that a voluntary dismissal under Rule 41(a)(2) "constitutes a decision on the merits in this Circuit," which results in the requisite alteration of the parties' legal relationship. *Arneson v. Grebien*, C.A. No. 11-190-ML, 2013 WL 2250763, at *7 (D.R.I. May 22, 2013) (citing *Buckhannon*, 532 U.S. at 604). So, a "prevailing party" as used in R.I. Gen. Laws § 9-1-45 would include defendants who "secur[ed] a court-ordered 'material alteration of the legal relationship of the parties,'" resulting from a plaintiff's voluntary dismissal under Rule 41(a)(2). *Id.*

4

Isanthes has spent nearly two years vigorously defending against GRE's claims. This Court granted GRE's motion pursuant to Fed. R. Civ. P. 41(a)(2), dismissing GRE's case with prejudice. ECF No. 65. The Court left the door open for Isanthes to pursue a claim for reasonable attorney's fees. *Id.* GRE's voluntary dismissal operates as a judicially sanctioned judgment that has materially altered the parties' legal relationship. Isanthes has benefited from the res judicata effect of this Court's judgment in that it no longer has to defend against GRE's claims now or in the future. *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998) ("a voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the res judicata criterion"). Isanthes is thus a prevailing party under § 9-1-45. To hold otherwise would mean that plaintiffs could avoid the fee-shifting consequences of § 9-1-45's protection against claims with no "justiciable issue of either law or fact," by simply voluntarily dismissing their claims.

The Court now considers whether GRE's claim raised any justiciable issues.

### B. GRE's Claim is Completely Absent of any Justiciable Issue

A court may find a complete absence of any justiciable issue when the claims at issue are "clearly frivolous." *Universal Truck & Equip. Co., Inc. v. Southworth-Milton, Inc.*, 765 F.3d 103, 111 (1st Cir. 2014) (affirming award of attorney's fees to the defendant under R.I. Gen. Laws § 9-1-45).

The circumstances surrounding GRE's dismissal make clear that its action was frivolous. GRE instituted this action, alleging, *inter alia*, that Isanthes breached the parties' contract when it transferred an unenforceable mortgage to GRE. ECF No. 1.

A year later, this Court allowed GRE to amend the complaint to add more claims alleging that Isanthes knowingly sold it an unenforceable mortgage. ECF No. 31. As the parties proceeded through discovery and summary judgment, GRE filed a motion in Providence Housing Court in which it made admissions directly opposed to those made in support of the claims against which Isanthes defended in this court for years. ECF No. 66-7. For example, GRE admitted that it had "the right to enter the property to make repairs" and "the right to receive rent and revenues" and that these rights originated in the mortgage. *Id.* at 2, 5-14. GRE contradicted its own claim that the mortgage was unenforceable when it exercised its right as mortgagee to receive $185,000 from the Property's sale. ECF No. 66-8 at 15-16.[2] When GRE filed its motion in housing court, and realized a $78,000 profit, neither the parties nor this Court had reached the ultimate merits of GRE's claims. There was also no substantive change in the mortgage itself. Isanthes defended against GRE's action for nearly two years, only to have it end when GRE chose to enforce its rights under the mortgage.

GRE does not dispute any of these facts. *See* ECF No. 68 at 10-15. Based on GRE's actions, the Court is left with the conclusion that GRE did, in fact, have an enforceable mortgage and its claim in this court alleging the opposite is devoid of any justiciable issue of law or fact. For these reasons, GRE's claim was clearly frivolous and Isanthes is entitled to attorney's fees under § 9-1-45.

---

[2] Exhibit B, attached to Lyons Declaration, is a Settlement Statement that shows a disbursement to GRE's mortgage service company, FCI Lender Services, Inc., in that amount.

### C. Isanthes' Fee Is Reasonable

Isanthes requests $50,666.50 in attorney's fees and expenses.[3] Awards of attorney's fees are calculated using the "lodestar" approach. *See Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)). The lodestar is the product of "the number of hours appropriately worked times a reasonable hourly rate or rates." *Hutchinson*, 636 F.3d at 13 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking fees bears the burden of fashioning the proposed fee award out of "suitably detailed," contemporaneous billing records that reflect its standard rates. *Id.* In response, the "putative payor" may challenge the award of fees as unreasonably excessive in terms of time or rates or both. *See id.* The Court then "calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).

Furthermore, a party seeking an award of fees bears the burden of showing that the proposed hourly fee structure is reasonable. *See Hutchinson*, 636 F.3d at 16. Reasonable rates are determined as to professional skills, experience, and qualifications, as well as the local market rate, and the nature of the work performed. *See id.* The rates that a firm ordinarily charges can operate as a helpful benchmark,

---

[3] Isanthes seeks to recover $50,365.00 in attorney's fees and $301.50 for the accompanying declaration of Brooks R. Magratten, a disinterested attorney who declared that the attorney's fees are fair and reasonable.

as can the rates that comparably qualified and skilled local professionals charge for handling cases of similar complexity. *See id.* Recent awards of fees in the jurisdiction also help determine prevailing local rates. *See id.*

GRE has not challenged the reasonableness of Isanthes's fee request in its opposition so the Court will rely on the two affidavits Isanthes submitted along with its motion. The first affidavit from Isanthes' counsel Thomas W. Lyons outlines Mr. Lyons's decades of experience in commercial disputes (including extensive experience in this Court) and alleges that the rates charged represent his firm's standard fee structure. ECF No. 66-8. Moreover, Mr. Lyons submitted a Detailed Transaction File List that breaks down the time spent on various tasks relating to this matter and the expenses incurred. *Id.* at Ex. A. The second affidavit is from a disinterested attorney, Brooks R. Magratten, with thirty-five years of experience in litigation (including extensive experience in this Court). ECF No. 66-9. Mr. Magratten's affidavit relates to the same factors, showing that Mr. Lyons's fees are not only reasonable but "lower than prevailing rates in Rhode Island for an attorney of his skill and experience." *Id.* at 2.

Considering these affidavits, Mr. Lyons' billing record, and the lack of opposition from GRE, this Court finds that Isanthes's requested attorney's fees and cost are reasonable.

## IV.   CONCLUSION

For the reasons above, Isanthes is the prevailing party in a case with no justiciable issues of either law or fact. R.I. Gen. Laws § 9-1-45(1). This Court

GRANTS Isanthes's Motion for Attorney Fees (ECF No. 66) and AWARDS it $50,666.50 for its reasonable attorney's fees and costs in defending this matter.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
Chief Judge
United States District Court

April 13, 2022